**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EFRAIN GONZALEZ-JUAREZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.   14-73639

Agency No. A076-841-481

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2018[**]
Portland, Oregon

Before: RAWLINSON and NGUYEN, Circuit Judges, and SILVER,[***] District
Judge.

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Efrain Gonzalez-Juarez (Gonzalez) is a native and citizen of Mexico who has resided in the United States since 1988 when he crossed the Arizona border without inspection. In 2007, Gonzalez was served with a Notice to Appear charging him with being present in the United States without being admitted or paroled. Gonzalez conceded his removability.

A merits hearing was scheduled for April 14, 2011. Fifteen days before his merits hearing, Gonzalez requested pre-conclusion voluntary departure. The Immigration Judge (IJ) denied pre-conclusion voluntary departure, finding Gonzalez's request untimely. Gonzalez appealed to the Board of Immigration Appeals (BIA), which affirmed the IJ's decision. Gonzalez timely petitioned to this Court for review, alleging that 8 C.F.R. § 1240.26(b)(1)(i)(A) and 8 C.F.R. § 1240.26(b)(1)(ii) (the regulations) contradict the plain language of 8 U.S.C. § 1229c(a)(1).

In pertinent part, 8 U.S.C. § 1229c states that "[t]he Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense … in lieu of being subject to proceedings under section 1229a of this title or prior to the completion of such proceedings" or where "at the conclusion of a proceeding under section 1229a of this title, the immigration judge enters an order granting voluntary departure in lieu of removal." 8 U.S.C. § 1229c(a)(1), (b)(1). The

2

statute authorizes the Attorney General "by regulation [to] limit eligibility for voluntary departure under this section for any class or classes of aliens." 8 U.S.C. § 1229c(e).

"Congress did not mandate that the voluntary departure requirements listed in § 1229c(b)(1) would be exclusive. Instead, Congress plainly contemplated that the Attorney General might further limit eligibility and prohibit voluntary departure." *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 527–28 (9th Cir. 2012) (en banc) (emphases omitted). Indeed, the governing statute expressly provides for the promulgation of regulations to guide the agency's discretion in deciding whether and when to permit voluntary departure. *See* 8 U.S.C. § 1229c(e).

The challenged regulation requires that requests for pre-conclusion voluntary departure be made "prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing" and granted not later than "30 days after the master calendar hearing at which the case is initially calendared for a merits hearing." 8 C.F.R. § 1240.26(b)(1)(i)(A), (b)(1)(ii).

Because the Attorney General may prohibit voluntary departure completely, he may also impose the lesser restriction of a temporal limitation. *See South Dakota v. Bourland*, 508 U.S. 679, 691 n.11 (1993) ("Regulatory authority goes hand in hand with the power to exclude.") (citation omitted).

3

**PETITION DENIED.**